UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SELECT REHABILITATION, INC.,           ) <br> )<br> Plaintiff,           )<br> )<br> v.           )<br> )<br> ANGOLA HEALTHCARE, LLC *d/b/a*           )<br> NORTHERN LAKES NURSING AND           )<br> REHABILITATION CENTER,           )<br> )<br> Defendant.           ) | CAUSE NO. 1:13-CV-135 |

## OPINION AND ORDER

This case was filed in this Court on April 26, 2013, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 1.)  The Complaint alleges that Angola Healthcare, LLC d/b/a Northern Lakes Nursing and Rehabilitation Center ("Northern Lakes") is a limited liability company organized and existing under the laws of the State of Indiana and that, "[u]pon information and belief, the sole LLC member of Northern Lakes, Rebecca Krueger Weeks, is a citizen of the State of Indiana . . . ."  (Compl. ¶ 2.)

The Complaint, however, is inadequate as to the citizenship of Defendant Northern Lakes.  Because Northern Lakes is a limited liability company, its citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members."  *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).  Although Plaintiff appears to recognize this fact, identifying Rebecca Krueger Weeks as "the sole LLC member of Northern Lakes" and alleging that she is a citizen of Indiana, it appears to make both these allegations based on "information and belief."  (Compl. ¶ 2.)

1

But it is well-settled that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, No. Civ. 06-753-GPM, 2006 WL 4017975, at *10 n.1 (S.D. Ill. Dec. 7, 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co., Inc.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Plaintiff must amend its Complaint to allege both the members of Northern Lakes and the citizenship of Ms. Krueger Weeks on personal knowledge rather than on information and belief.

Furthermore, if there are other members of Northern Lakes besides Ms. Krueger Weeks, the Court must be advised of their citizenship as well to ensure that none of them share a common citizenship with Plaintiff. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006). This citizenship must then be "traced through multiple levels" for those members of Northern Lakes who are a partnership or a limited liability company, as anything less can result in a dismissal or remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). As with Ms. Krueger Weeks's citizenship, allegations concerning the citizenship of any additional members of Northern Lakes must also be made on personal knowledge, not on information and belief.

Therefore, Plaintiff is ORDERED to supplement the record by filing an Amended Complaint on or before May 14, 2013, properly alleging on personal knowledge all the members of Northern Lakes, the citizenship of Rebecca Krueger Weeks, and the citizenship of any

additional members of Northern Lakes.

    SO ORDERED.

    Enter for this 30th day of April, 2013.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
